UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

EXZABEIN MILLER                                                              PLAINTIFF

v.                                                  CIVIL ACTION NO. 3:17-CV-00194-CRS

WILHELM CONSTRUCTION                                      DEFENDANT

<u>Memorandum Opinion</u>

I.      <u>Introduction</u>

This matter is before the Court on the motion of Defendant Wilhelm Construction for a more definite statement under Federal Rule of Civil Procedure 12(e). Mot. Definite Statement 1, ECF No. 5. *Pro se* Plaintiff Exzabein Miller did not respond.

II.      <u>Miller's Complaint</u>

Miller's complaint consists of a two-page, single spaced paragraph that appears to describe the events that led up to and followed his termination from Wilhelm Construction. Compl. 3–4, ECF No. 1-1. At the top of the complaint are the words, "Violation of civil Rights code VII (sec 232a, b) (232.5)." *Id*. at 3.

The complaint states that on November 15, 2016, Miller "exercised the protection of his and others [sic] civil rights against discrimination." *Id*. at 3. It further affirms that Wilhelm Construction "sought to discourage concerted activity among workers exercising the right to protect themselves in regards to their rights that were recognized and protected according to the Fair Labor standards [sic] Act of 1938." *Id*. "Smoot"—a person named in the complaint who is described alternatively as the foreman and as Miller's immediate supervisor—allegedly attempted to segregate Miller from his co-workers to "eliminate discussions about pay, unsafe, unfair and undermining work conditions." *Id*.

1

Miller asserts in the complaint that "Supervision" sent someone named "Quincy" to a different work site. *Id*. "Supervision" allegedly sent Miller to another work site. *Id*.

At some unspecified time, "Quincy, Big, O and co-worker which [sic] were all African American" spoke privately to Miller about "the undermining and disenfranchising of their work quality" and about Wilhelm Construction's alleged attempts to prevent them from whistle-blowing about "the unfair treatment" and unsafe scaffolding. *Id*. Miller says that he sought to rectify the unsafe scaffolding. *Id*. Smoot then allegedly told Miller to leave the work site. *Id*. "Big O" tried to help Miller, but he "stayed out it [sic] in fear of losing his job." *Id*.

Having been terminated from the work site, Miller says he asked why he had been paid less than the prevailing wage. *Id*. In response, Smoot's superior "lied" and told Miller that Wilhelm Construction did not pay a prevailing wage, which Miller claims violates the Davis Bacon Act of 1931. *Id*. at 3–4. Miller then apparently tried to contact a payroll assistant to determine if his "pay was right." *Id*. at 4. He alleges that the payroll assistant ignored his multiple phone calls. *Id*. at 4.

Also in his complaint, Miller claims that Wilhelm Construction and a union are "in cahoots" to exercise a "closed shop for the Omni construction protect" in violation of the Taft Hartley Act of 1947 because on November 15, 2016, "another [f]oreman of Wilhelm [Construction] . . . tried to coerce [him] into joining the labors union [sic] and told [him] that if [he] didn't that he was not going to pay [him]." *Id*. Miller asserts that he told the other foreman that he "was another [sic] skill set of another trade and [asked] whether he would pay welder pay[,] but he evaded the question." *Id*.

Miller also maintains that Wilhelm Construction is "only wanting to hire African Americans to benefit their interests" and is "exploiting the minorities by using pay and

intimidation." *Id*. Miller contends that these actions caused him "crisis" in his personal life, the loss of his electric, and ultimately his eviction from his living arrangements. *Id*. Miller states that he is seeking punitive damages and restitution for "lost worktime, unaccountable pay and forward dated pay for the loss of welfare due to the discrimination and retaliation and seek [sic] to be litigated speedily and in affirmative action." *Id*.

III.     Discussion

Wilhelm Construction now moves for a more definite statement under Rule 12(e). Mot. Definite Statement 1, ECF No. 5. The company asserts that the Court should grant its motion for a more definite statement because the complaint "makes references to potentially six or more federal statutes that may, or may not, represent causes of action Plaintiff intends to pursue" and that "[n]one of those potential causes of causes are made clear or delineated . . . other than a specific reference to Title VII of the Civil Rights Act." *Id*. Wilhelm Construction explains that the "confusing nature of the Complaint and the potential causes of action" prevent it from addressing all of the "potential deficiencies in the Complaint." *Id*. at 2.

Rule 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "[A] motion for more definite statement is designed to strike at unintelligibility rather than simple want of detail…. [It] must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail." *Midgett v. KSP Head Chaplain*, No. 5:11-CV-P132-R, 2012 U.S. Dist. LEXIS 132186, at *4 (W.D. Ky. Sept. 17, 2012) (alterations in original) (citing *Fed. Ins. Co. v. Webne*, 513 F. Supp. 2d 921, 924 (N.D. Ohio 2007)) (internal quotation marks omitted). "Federal courts generally disfavor motions for more definite statements[, and i]n

view of the notice pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery, courts rarely grant such motions." *Id*. (alteration in original). As such, a "Rule 12(e) motion based [only] on the belief that a better affirmative pleading by the opposing party will enable [the movant] to provide a more enlightening or accurate response will be denied." *Thorpe v. Wal-Mart Stores, Inc.*, No. 5:16CV1247, 2016 LEXIS 101062, at *1 (N.D. Ohio Aug. 2, 2016).

Upon consideration, the Court finds that Miller's complaint is so ambiguous as to prevent the filing of an answer or a motion to dismiss. In his complaint, Miller mentions Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, the Davis-Bacon Act of 1931, 40 U.S.C. § 276a, *et seq.*, and/or the Taft Hartley Act of 1947, 29 U.S.C. § 141, *et seq.*— but fails to clarify whether he is pursuing claims under these statutes or the factual basis in support of such claims, including the time period during which the events giving rise to such claims occurred. The Court is also unable to determine if Miller has standing to assert any claims or what, if any, damages Miller might be seeking for each of his claims. Accordingly, Wilhelm Construction's motion for a more definite statement under Rule 12(e) will be granted.

IV. Conclusion

The Court will grant Wilhelm Construction's motion for a more definite statement under Rule 12(e). The Court will order Miller to clarify (1) under which statutes he is pursuing claims, (2) the factual basis for each claim, including the time period in which the events giving rise to his claims occurred, (3) the facts supporting his standing to assert the claims, and (4) the damages he seeks for each claim. The Court reminds Miller that failure to provide this

information may be grounds for dismissal of his claims. An order will be entered in accordance with this memorandum opinion.

May 16, 2017

Charles R. Simpson III, Senior Judge
United States District Court